# IN THE UNITED STATES DISTRICT COURT

# FOR THE DISTRICT OF IDAHO

| | |
|---|---|
| AUSTIN RAY CARTER, ) | |
| ) | Case No. CV 08-118-E-EJL-LMB |
| Plaintiff, ) | |
| ) | **REPORT AND RECOMMENDATION** |
| v. ) | |
| ) | |
| SEVENTH JUDICIAL DISTRICT OF ) | |
| IDAHO, et al. ) | |
| ) | |
| Defendants. ) | |
| _____) | |

Currently pending before the Court are the following motions: (1) Defendant Dane Watkin's Motion to Dismiss (Docket No. 16); (2) Defendants Long more, Anderson, Cook, and Savage's Motion to Dismiss (Docket No. 17); (3) Defendant Robert G. Hamlin, and the Idaho Judicial Councel's Motion to Dismiss (Docket No. 18); (4) Defendant J. Scott Andrew's Motion to Dismiss and Motion for More Definite Statement (Docket No. 20); (5) Defendants Dallen Farmer, Buddy Fowler, and Dave Cannon's Motion to Dismiss and Motion for a More Definite Statement (Docket No. 22); and Plaintiff's Cross Motion to Dismiss (Docket No. 30). Plaintiff is proceeding pro se in this action.

Having fully and carefully reviewed the record, the Court finds that the parties have adequately presented the facts and legal arguments in the briefs and record and that the decisional process would not be significantly aided by oral argument. Therefore, in the interest

**REPORT AND RECOMMENDATION - 1 -**

of avoiding further delay, the Court shall decide this matter on the written motions, briefs, and record without oral argument. D. Id. L. R. 7.1(b). Accordingly, the Court enters the following Report and Recommendation.

## I. BACKGROUND

### A. The Complaint

Plaintiff filed the Complaint in the instant action against the above-named state and county Defendants[1] alleging violations of the First and Fourteenth Amendment. *Complaint*, p. 1 (Docket No. 2). Plaintiff is bringing this action pursuant to 42 U.S.C. § 1983. *Id*. Plaintiff complains that as a result of biased treatment by Defendants associated with an on-going child-custody dispute with his ex-wife, he was been deprived of "life, liberty and property without due process," which "effectively denied [him] the equal protection of the laws." *Id*. at 2. More specifically, Plaintiff alleges that he has "been discriminated against . . . specifically because [he is] male." *Id*.

Plaintiff's Complaint details his continuing legal challenges in relation to Plaintiff's divorce and on-going custody dispute with his ex-wife. Plaintiff has filed many documents at the state court level and concurrently requested intervention from local police to resolve these issues. Plaintiff makes clear that he has thus far been unsatisfied with the actions, or alleged inactions, made by Defendants in connection to the custody dispute.

---

[1] Honorable Linda J. Cook and Honorable Ralph Savage are Magistrate Judges in Idaho's 7th District; Honorable S. Gregory Anderson is a District Judge in Idaho's Seventh District, J. Scott Andrew is the Bingham Country Prosecutor, Dane Watkins is the Bonneville County Prosecutor, Dave Cannon is the City of Blackfoot Prosecutor, Dallen Farmer, Buddy Fowler and John Does A–G are Sheriffs, Police Officers, and Dispatchers in Bonneville and Bingham Counties, and Robert G. Hamlin as Executive Director of the Idaho Judicial Counsel.

Plaintiff seeks an injunction "commanding defendants to stop the unconstitutional practice of denying Males, Men, Fathers equal protection provided under [the law]." *Complaint*, p. 6 (Docket No. 1). Plaintiff also seeks "a competent court in a different Idaho District that does not practice Gender biased law . . . ." *Id*. Further, Plaintiff seeks a declaration from this Court that Idaho courts not engage in gender discrimination. *Id*. Finally, Plaintiff requests an award of costs. *Id*.

**B.     Motions to Dismiss**

Defendants have each moved the court for summary dismissal:

1. Defendant Watkins moves to dismiss on the grounds that he is entitled to absolute immunity as a prosecutor. *Watkins's Motion to Dismiss* (Docket No. 16);

2. Defendants Cook, Savage, Anderson, and Longmore move to dismiss Plaintiff's Complaint against them Dismiss for failure to effect service pursuant to 4(e) and 12(b)(5). *Cook, Savage, Anderson, and Longmore's Motion to Dismiss* (Docket No. 17);

3. Defendant Hamlin moves to dismiss on two grounds. *Hamlin and I.J.C. Motion to Dismiss* (Docket No. 18). First, because the complaint fails to allege any wrongdoing on the part of Defendant, and second, because Hamlin possesses qualified immunity when serving in his role as Executive Director of the Idaho Judicial Council. *Id*.

4. Defendant Idaho Judicial Council ("I.J.C.") moves for dismissal as an improper party under § 1983. *Id*.

5. Defendant Andrew requests dismissal pursuant to Fed. R. Civ. P. 12(b)(5) for Plaintiff's failure to effect proper service and under 12(b)(6) for Plaintiff's failure to state a claim upon which relief can be granted. *Andrew's Motions to Dismiss* (Docket No. 20). In the

alternative, Defendant Andrew seeks a more definite statement under 12(e).  *Id*.

  6.  Finally, Defendants Farmer, Fowler and Cannon similarly move to dismiss under 12(b)(5) and (6).  *Farmer, Fowler, and Cannon's Motion to Dismiss* (Docket No. 22).

  Plaintiff replies, with regard to Defendant Watkins's *Motion to Dismiss*, that "[i]f Mr. Watkins has such immunity from upholding the U.S. Constitution and other U.S. Code, then it would be fitting that he be dismissed from the case. *Plaintiff's Response to Watkins Motion*, p. 2 (Docket No. 29).  Plaintiff argues, however, that Defendant Watkins does not have such prosecutorial discretion.  *Id*.  Plaintiff also moves the Court to dismiss Anderson, Nelson, Hall, Smith, P.A. as counsel for Defendant Watkins.  *Plaintiff's Motion to Dismiss Anderson, Nelson, Hall, Smith, P.A.* (Docket No. 30).  Plaintiff contends that the firm has a conflict with representing Defendant Watkins because Scott R. Hall, of the firm Anderson, Nelson, Hall, Smith, P.A. acted as mediator during Plaintiff's custody dispute with his ex-wife.  *Id*.

  With regard to Defendants Cook, Savage, Anderson, Longmore, and Andrew's contentions of improper service of process, Plaintiff argues that Defendants, in fact, were properly served.  Plaintiff points to the fact that he paid a service processor to serve papers on Defendants.  *See Plaintiff's Response* (Docket Nos. 32, 35).  Plaintiff "assumes that [a service processor] would know how to serve said papers, and most likely ascertained that [the person that was actually served was] authorized to receive [process] as explained in F.R.C.P. 4(e).  *Id*.

## II.  REPORT

**A.**  **Standard of Law**

  When analyzing a motion to dismiss under Fed. R. Civ. P. 12(b)(6), the Court must accept as true the allegations contained in the complaint and construe them in the light most

favorable to the non-moving party. *Hew-Len v. F.W. Woolworth*, 737 F.Supp. 1104 (D. Hawaii 1990). Dismissal is improper unless it appears beyond doubt that Plaintiff can prove no set of facts in support of its claim that would entitle it to relief. *See generally Abramson v. Brownstein*, 897 F.2d 389, 391 (9th Cir. 1990); *Conley v. Gibson*, 355 U.S. 41 (1957); *California Dump Truck Owners Assoc. v. Associated General Contractors, etc.*, 562 F.2d 607 (9th Cir. 1977). Thus, the issue in considering a motion to dismiss is not whether Plaintiff will ultimately prevail but whether he is entitled to offer evidence to support his claims. *Scheuer v. Rhodes*, 416 U.S. 232, 236 (1974), as cited in *Cervantes v. City of San Diego*, 5 F.3d 1273 (9th Cir. 1993). The Court must limit its review to the allegations made in Plaintiff's Complaint when ruling upon such a motion. *Williford v. People of the State of California*, 352 F.2d 474 (9th Cir. 1965); *Zatkin v. Primuth*, 551 F.Supp. 39 (S.D. Cal. 1982); *Swensen v. Murchison*, 507 F.Supp. 509 (N.D. Cal. 1981).

The standard used to evaluate a motion to dismiss is liberal, particularly when the action has been filed pro se. *Estelle v. Gamble*, 429 U.S. 97 (1976). However, this liberal interpretation of a civil rights complaint may not supply any essential elements of the claim that were not initially pled. *Id.* "Vague and conclusory allegations of official participation in civil rights violations are not sufficient to withstand a motion to dismiss." *Ivey v. Bd. of Regents of Univ. of Alaska*, 673 F.2d 266, 268 (9th Cir. 1982) (citing *Johnson v. Wells*, 566 F.2d 1016 (5th Cir. 1978)).

## B. Prosecutorial Immunity

Defendants Watkins, Andrew and Cannon argue that they are immune from suit. Plaintiff has not responded to Cannon's claim of immunity. However, with regard to Watkins and

Andrew, Plaintiff argues that he "is not specifically alleging that [they] did not prosecute his ex-wife, but rather he is claiming that his constitutional rights have been and are being infringed upon by the[ir] actions . . . ." *Plaintiff's Response to Watkins's Motion* (Docket No. 29); Plaintiff's Response to Andrew's Action (Docket No. 35). Rather, Plaintiff alleges that Watkins and Andrew improperly refused to enforce his custodial visitation order because Plaintiff is male. *Complaint*, p. 4 (Docket No. 2). According to Plaintiff's evidence, Plaintiff requested that both Cannon, Andrew and Watkins "help [him] to stop . . . [his ex-wife's] continued denial of visitation." *Complaint*, pp. 14–26 (Docket No. 2). Specifically, Plaintiff requested that Cannon, Andrew and Watkins prosecute his ex-wife for custodial interference. *Id.*

Prosecutors are entitled to absolute immunity under § 1983 for conduct that is "intimately associated with the judicial phase of the criminal process." *Imbler v. Pachtman*, 424 U.S. 409, 430 (1976). However, prosecutors are not shielded by absolute immunity simply because by the virtue of being a prosecutor. *Buckley v. Fitzsimmons*, 509 U.S. 259, 273 (1993). Thus, when determining whether absolute immunity applies, courts must examine "the nature of the function performed, not the identity of the actor who performed it." *Forrester v. White*, 484 U.S. 219, 229 (1988). This Circuit has held that prosecutors are absolutely immune from § 1983 liability for decision not to prosecute particular cases. *Roe v. City & County of San Francisco*, 109 F.3d 578, 583–84 (9th Cir. 1997).

In the federal courts, pro se litigants are afforded liberal treatment in asserting their claims, especially with regards to formal requirements *See Lim v. INS,* 224 F.3d 929, 934 (9th Cir. 2000) (recognizing that courts frequently refuse to dismiss pro se appeals for formal defects where the opposing party suffers no prejudice); *Balistreri v. Pacifica Police Dept.,* 901 F.2d 696,

**REPORT AND RECOMMENDATION - 6 -**

698-99 (9th Cir.1988) (same, in civil rights context). Despite these liberal standards, Plaintiff fails to identify any action or inaction beyond Defendants Watkins, Andrew, and Cannon's decisions to not prosecute Plaintiff's ex-wife as a basis for § 1983 liability. Accordingly, Defendants Watkins, Andrew and Cannon should be afforded absolute immunity and dismissed from this action with prejudice.

### C. Improper Service of Process

Defendants Cook, Savage, Anderson, Longmore, Farmer, and Fowler all move for dismissal citing Plaintiff's failure to effect proper service under Fed. R. Civ. P. 4(e). Plaintiff contends that service was proper as illustrated by the fact that those Defendants responded to the Complaint. In the alternative, Plaintiff seems to claim that this defense is waived because Plaintiff, " in good faith trusted the papers be delivered properly [by his process server], and the above named Defendants "more than likely accepted the service performed by [the same process server in the past]." *Plaintiff's Response*, pp. 2–4 (Docket No. 32).

On September 15, 2008, this Court issued an Order to Plaintiff "to serve the Complaint as required pursuant to Federal Rule of Civil Procedure 4 on each of the Defendants on or before November 1, 2008, or the Complaint may be dismissed." *Order* (Docket #7).

Federal Rule of Civil Procedure 4(e) specifies the proper procedure for serving an individual with in the United States:

> Unless federal law provides otherwise, an individual--other than a minor, an incompetent person, or a person whose waiver has been filed--may be served in a judicial district of the United States by:
>
> (1) following state law for serving a summons in an action brought in courts of general jurisdiction in the state where the district court is located or where service is made; or

**REPORT AND RECOMMENDATION - 7 -**

  (2)  doing any of the following:

    (A)  delivering a copy of the summons and of the complaint to the individual personally;

    (B)  leaving a copy of each at the individual's dwelling or usual place of abode with someone of suitable age and discretion who resides there; or

    (C)  delivering a copy of each to an agent authorized by appointment or by law to receive service of process.

Fed. R. Civ. P. 4(e). Defendants Cook, Savage, Anderson and Longmore have furnished the Court with affidavits providing that they "[were] never personally served with a copy of the summons [or complaint]," and that "[a] copy of the summons [and/or complaint] was not left at [their] dwelling house . . . [nor] with an [authorized] agent." *See Defendants Affidavits* (Docket Nos. 17-1–17-4). Rather, Plaintiff effected service on an improper person, Kelli Moss, the Court Operations Manager for the Bonneville Country Court. (Docket No. 17-5). As she was "not the designated agent to receive process for [Defendants Cook, Savage, Anderson and Longmore]," proper service was not effected. Accordingly, the action against Defendants Cook, Savage, Anderson and Longmore should be dismissed.

  Defendants Farmer and Fowler both argue that Plaintiff's failure to properly effect service within 120 days as required by Fed. R. Civ. P. 49(c)(1) and (m). Defendants note the record, which shows that the complaint was filed on March 7, 2008, and service was not effected until October 30, 2008. However, this Court ordered Plaintiff "to serve the Complaint . . . on or before November 1, 2008." *Order*, p. 2 (Docket No. 7). Having complied with this order, service on Farmer and Fowler is timely, and Plaintiff's complaint should not be dismissed on this ground.

**REPORT AND RECOMMENDATION - 8 -**

Farmer and Fowler further argue that service was nonetheless invalid pursuant to Fed. R. Civ. P. 4(j), which provides the rules for service upon state or local governments. Defendants are correct to point out that "[a] suit against a state official in his or her official capacity is not a suit against the official but rather is a suit against the official's office . . . . As such, it is no different from a suit against the State itself." *Will v. Michigan Dept. of State Police*, 491 U.S. 58, 71 (1989). Because Plaintiff has named Farmer and Fowler as Defendants in their official capacities, proper procedure for service is guided by 4(j), which provides in pertinent part:

> (2) A state, a municipal corporation, or any other state-created governmental organization that is subject to suit must be served by:
>
> (A) delivering a copy of the summons and of the complaint to its chief executive officer; or
>
> (B) serving a copy of each in the manner prescribed by that state's law for serving a summons or like process on such a defendant.

Fed. R. Civ. P. 4(j)(2). According to Defendants, neither Bannock County nor the City of Blackfoot have a chief executive officer. If true, proper service can only be effected under state law. *See Coleman v. Milwaukee Bd. Of School Directors*, 290 F.3d 932, 933–34 (7th Cir. 2002) (where school board had no "chief executive officer," the only option for Plaintiff was to serve as prescribed by state law). Service on a local government entity in Idaho is governed by Idaho R. Civ. P. 4(d)(5), which provides in part:

> A copy of the complaint shall be served with the summons, except when the service is by publication as provided in Rule 4(e). The plaintiff shall furnish the person making service with such copies as are necessary. Service shall be made as follows:
>
> . . .

**REPORT AND RECOMMENDATION - 9 -**

>   (5)   . . . Upon any other governmental subdivision, municipal corporation, or quasi-municipal corporation or public board, service shall be made by delivering a copy of the summons and complaint to the chief executive officer or the secretary or clerk thereof.

Idaho R. Civ. P. 4(d)(5). According to Defendants, under Idaho law, proper service can only be made to the Blackfoot City Clerk or Mayor, with regard to Defendants Farmer and Fowler.

Defendant Fowler was served through Sallie Carson, who is noted as a "Police Clerk," located at 501 N. Maple in Blackfoot.[2] *Summons* (Docket No. 8). Defendant Farmer was served at his home. *Summons* (Docket No. 9).

Given the location of the process of service, the notation of "police clerk" on the executed Fowler summons it appears that service could have been proper. Defendant Fowler's failure to provide any affidavits or evidence supporting his motion stating that the clerk who was served was improper, or even if he was a Bingham County Police Officer or City of Blackfoot Police Officer prevents this Court from recommending dismissal for improper service. Further, because service on Defendant Farmer was left at his home, the Court has jurisdiction over him in his individual capacity. *See McCaslin v. Cornhusker State Industries*, 952 F. Supp 652, 658–59 (D. Neb. 1996). Likewise, dismissal of Defendants Farmer and Fowler for improper service of process cannot be recommended.

## D.   Dismissal under 12(b)(6)

Defendants Farmer, Fowler and Hamlin all seek dismissal on the grounds that Plaintiffs

---

[2] 501 N. Maple is the location of the Bingham County Clerk, Bingham County Police Department, and the Bingham County Courthouse.

**REPORT AND RECOMMENDATION - 10 -**

complaint fails to state a claim upon which relief can be granted.  The Defendants all allege that Plaintiff has failed to allege any specific action that gives rise to a § 1983 claim.  Further, the Defendants all argue that Plaintiff fails to allege any injury that was caused by Defendants.

Plaintiff's complaint makes clear that he has brought this action to end his perceived gender discrimination.  However, Plaintiff fails to allege any fact whatsoever relating to Defendants Farmer, Fowler or Hamlin.  Plaintiff has included two copies of police reports.  Defendant Farmer was the responding officer for one, and Defendant Fowler was the responding officer for the other.  Both incident reports are remarkably similar.

The first is an account of Defendant Fowler's response to a police call made by Plaintiff on February 22, 2008.  *Plaintiff's Exhibit A to Complaint* (Docket No. 2)  Plaintiff called for police assistance with a child custody exchange.  *Id*.  Upon arrival, Fowler was unable to locate Plaintiff, but Plaintiff's children advised Fowler that they did not want to go with Plaintiff for the weekend.  *Id*.  Further, Plaintiff's ex-wife told Fowler that she did not want to relinquish custody of the children.  *Id*.  Unable to locate Plaintiff, Fowler told Plaintiff's ex-wife she could go.  *Id*.  Later, when Plaintiff was finally located, he told Fowler that he wished to file chages of custodial interference.  *Id*.  However, because Plaintiff did not have the proper paperwork, Fowler advised him that he could not file charges because he "could not prove who was in the wrong."  *Id*.

The second incident report is a February 1, 2008, account.  Like the previous account, Plaintiff called for police assistance with another child custody exchange.  As before, Plaintiff kids did not want to go with Plaintiff for the weekend.  Defendant Farmer "advised [Plaintiff] that child custody exchanges were of a civil nature and that there wasn't anything that [he] could do without documentation containing a judge's signature."  Plaintiff reported to Farmer that he did

**REPORT AND RECOMMENDATION - 11 -**

not have the court order with him.  As such, Defendant Farmer was unable to do anything further.

Finally, the only reference to Defendant Hamlin in Plaintiff's complaint is contained in Plaintiff's Exhibit D.  Exhibit D is a letter, signed by Hamlin on behalf of the State of Idaho Judicial Council stating that, after review of Plaintiff's allegations against Co-Defendant Savage, no wrongdoing had been found.  Nothing further is stated regarding Defendant Hamlin.

Plaintiff has failed to show how Defendants Farmer, Fowler and Hamlin could be liable for any alleged misconduct.  Therefore, the Court finds, and thus concludes, that there are no genuine issues of material fact which preclude granting summary judgment.  Accordingly, it is recommended that those Defendants be dismissed from this action.

### E.     The Seventh Judicial District Court of Idaho & The State of Idaho Judicial Council

The Eleventh Amendment provides:

> The Judicial power of the United States shall not be construed to extend to any suit in law or equity, commenced or prosecuted against one of the United States by Citizens of another State, or by Citizens or Subjects of any Foreign State.

U.S. Const. amend. XI.  Thus, while "§ 1983 provides a federal forum to remedy many deprivations of civil liberties, . . . it does not provide a federal forum for litigants who seek a remedy against a State for alleged deprivations of civil liberties."  *Will v. Mich. Dept. of State Police*, 491 U.S. 58, 66 (1989).  Barring a waiver by the State or an Act of Congress, the Eleventh Amendment bars Plaintiff's cause of action against The Seventh Judicial District Court of Idaho and The State of Idaho Judicial Council, which are both State Agencies.  *Id*.  Because no such waiver or Act of Congress exists, Dismissal of both Defendants is warranted.

### III.  RECOMMENDATION

In accordance with the foregoing, it is recommended that the outstanding Motions be resolved as follows:

1. Defendant Dane Watkins's Motion to Dismiss (Docket No. 16) be GRANTED;

2. Defendants Ron Longmore, S. Gregory Anderson, Linda J. Cook and Ralph Savage's Motion to Dismiss (Docket No. 17) be GRANTED;

3. Defendants Robert G. Hamlin and the Idaho Judicial Council's Motion to Dismiss (Docket No. 18) be GRANTED;

4. Defendant J. Scott Andrew's Motion to Dismiss (Docket No. 20) be GRANTED;

5. Defendants Dallen Farmer, Buddy Fowler and Dave Cannon's Motion to Dismiss (Docket No. 22) be GRANTED;

6. Plaintiff's Motion to Disqualify Anderson, Nelson, Hall, Smith, P.A. (Docket No. 30) be DENIED as MOOT;

7. All of Plaintiff's claims be DISMISSED WITH PREJUDICE; and

8. JUDGMENT be entered in favor of Defendants.

DATED:  **May 19, 2009**.

Honorable Larry M. Boyle
United States Magistrate Judge